USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/11/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

WELLS FARGO BANK, N.A.,

                              Plaintiff,

-v-

BARBARA THOMAS and LEWIS SAMUELS,

                              Defendants.

------------------------------------------------------------------X

15 Civ. 928 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

       On January 12, 2015, plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") filed a summary eviction proceeding against defendants Barbara Thomas and Lewis Samuels in the Civil Court of the City of New York, Bronx County: Housing Part. On February 11, 2015, defendants, proceeding *pro se*, removed the case to this Court, pursuant to 28 U.S.C §§ 1441 and 1446.

       Wells Fargo now moves to remand the case, on the grounds that this Court lacks subject matter jurisdiction over eviction proceedings and that defendants' removal is an improper attempt to appeal the final judgment of the foreclosure action. For the reasons that follow, the Court grants Wells Fargo's motion.

I.     **Background**[1]

       On October 15, 2003, defendants entered into an agreement (the "note") to borrow $282,500. Dkt. 2, Ex. A ("Foreclosure Compl.") ¶ 2. Defendants' property, located at 768 East

---

[1] The facts recited herein are drawn from the Notice of Petition Holdover, Dkt. 2, Ex. F ("Notice of Petition Holdover"). In resolving this motion, the Court treats all facts alleged therein as true. *See Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 391 (S.D.N.Y. 2006) ("When considering a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff.").

169th Street, Bronx, New York, 10456 (the "property"), was security for the loan. *Id.* ¶¶ 3–4. Wells Fargo later came in possession of the note, and was assigned the mortgage. *Id.* ¶ 3.

On July 26, 2011, after defendants fell behind on loan payments, Wells Fargo initiated a foreclosure action against defendants in New York State Supreme Court, Bronx County. *See id.*; Dennis Aff. 2. On March 13, 2013, after defendants failed to respond to the complaint in that action, Wells Fargo moved for an order of reference. Remand Motion, Ex. B ("Order and Notice of Entry of Order of Reference"), at 1. On May 16, 2013, the Supreme Court granted the motion. Order and Notice of Entry of Order of Reference; Dennis Aff. 3. On July 18, 2013, after execution of the referee's oath and report of amount due, Wells Fargo moved for a judgment of foreclosure and sale. Remand Motion, Ex. C ("Order and Notice of Entry of Judgment of Foreclosure of Sale"); Dennis Aff. 3. On October 3, 2013, the Supreme Court granted that motion. Order and Notice of Entry of Judgment of Foreclosure of Sale; Dennis Aff. 3.

On July 31, 2014, the property was sold at a foreclosure sale and bought by Wells Fargo. Remand Motion, Ex. D ("Referee's Report of Sale and Recorded Deed"). On September 18, 2014, defendants moved to vacate the judgment of foreclosure and sale, but on November 10, 2014, the Supreme Court denied that motion. Dennis Aff. 3; Remand Motion, Ex. E ("Vacate

---

(citations omitted)). To assess the validity of defendants' removal, the Court also considered the motion to remand, Dkt. 2 ("Remand Motion"), and exhibits attached thereto; the affirmation of Jose Dennis in support of that motion, Dkt. 3 ("Dennis Aff."); defendants' memorandum in opposition, Dkt. 7 ("Defs. Br."); and the reply affidavit of Jose Dennis, Dkt. 8 ("Dennis Reply Aff."), and exhibits attached thereto. *See Arseneault v. Congoleum*, No. 01 Civ. 10657 (LMM), 2002 WL 472256, at *6 (S.D.N.Y. Mar. 26, 2002) ("The Second Circuit . . . has said that, on jurisdictional issues, 'federal courts may look outside [the] pleadings to other evidence in the record,'" and therefore the court will consider "material outside of the pleadings" submitted on a motion to remand. (citation omitted)).

Decision"). The Supreme Court explained that defendants had "defaulted by not appearing for a settlement conference on November 15, 2012," and "[did] not have a meritorious defense" to vacate the default judgment. *Id.* at 2. The court noted that Wells Fargo had produced a copy of the note and of the assignment from the original mortgagee, Lend America, to Wells Fargo. *Id.*

On January 12, 2015, Wells Fargo began a summary eviction proceeding in Civil Court, Bronx County (Housing Part). Removal Motion, Ex. F ("Notice of Petition Holdover"). On February 11, 2015, defendants removed the eviction action to this Court, under 28 U.S.C. §§ 1441 and 1446. Dkt. 1.

On March 11, 2015, Wells Fargo moved to remand the case to Civil Court, under 28 U.S.C. § 1447, Dkt. 2 ("Remand Motion"), and filed an affirmation in support, Dkt. 3 ("Dennis Aff."). On March 25, 2015, defendants filed a memorandum of law in opposition. Dkt. 7 ("Defs. Br."). On May 6, 2015, Wells Fargo filed a reply affidavit. Dkt. 8 ("Dennis Reply Aff.").

## II.  Discussion

Defendants[2] argue that they properly removed this case to federal court, based on both diversity and federal question jurisdiction.[3] Wells Fargo, however, argues that this case should be remanded to Civil Court because (1) there is no basis for subject matter jurisdiction over these

---

[2] In considering defendants' arguments, the Court is mindful that they are *pro se*, and that the submissions of a *pro se* litigant must "be construed liberally and interpreted to raise the strongest argument that they suggest." *Maki v. New York*, 597 F. App'x 36, 36 (2d Cir. 2015) (summary order) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).

[3] Defendants separately assert that they have filed a separate civil action in federal court against Wells Fargo and its attorneys in this case, and argue that this case should be consolidated with that action, "in the interest of judicial economy." Defs. Br. 2. But defendants have failed to provide evidence of any such filing, and the Court has not found one. More significant, defendants may not justify an otherwise unwarranted removal through the self-help of filing a separate federal court lawsuit. *Cf. Soms v. Aranda*, No. 00 Civ. 9626 (DLC), 2001 WL 716945, at *1 (S.D.N.Y. June 26, 2001).

summary eviction proceedings, and (2) defendants' arguments for removal improperly challenge the Supreme Court's final judgment in the foreclosure action.

The background principles governing removal and remand are familiar. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," *id.* § 1331, as well as cases "between . . . citizens of different states" where the amount in controversy exceeds $75,000, *id.* § 1332(a). Diversity jurisdiction under § 1332(a) "requires complete diversity between all plaintiffs and defendants." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460 (2d Cir. 1998). On a motion to remand a case back to state court, "the defendant bears the burden of demonstrating the propriety of removal." *Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (citation omitted).

Defendants first argue that removal was proper based on diversity of citizenship, noting that defendants are New York residents, Wells Fargo is a South Dakota corporation not resident in New York, and the amount asserted in controversy exceeds $75,000. But even where those elements are met, removal to federal court is proper only if the federal court had original jurisdiction in the matter. *See, e.g.*, *Glen 6 Assocs., Inc. v. Dedaj*, 770 F. Supp. 225, 227 (S.D.N.Y. 1991). And it is well settled that "absent express authorization by statute, federal courts cannot entertain summary proceedings," including summary eviction proceedings. *United Mutual Houses, L.P. v. Andujar*, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2002) (remanding summary eviction proceeding). As two judges of this District have persuasively explained, the

requirements of the Federal Rules of Civil Procedure, which ordinarily do not allow proceedings more summary than the full court trial provided at common law, are inconsistent with the strict requirements of a statutory summary eviction proceeding in New York. *See Glen 6 Assocs.*, 770 F. Supp. at 227–28 (Goettel, J.); *United Mutual Houses*, 230 F. Supp. 2d at 354 (Scheindlin, J.).

Even if this were not the case, as both Judges Goettel and Scheindlin have explained, a federal court properly should abstain from hearing summary eviction disputes, out of deference to the uniquely local interests and state policy issues implicated by such landlord-tenant disputes. *See United Mutual Houses*, 230 F. Supp. 2d at 354; *Glen 6 Assocs.*, 770 F. Supp. at 228–29; *see also Soms v. Aranda*, No. 01 Civ. 4706 (DLC), 2001 WL 716945, at *1 (S.D.N.Y. June 26, 2001) (remanding foreclosure and eviction proceeding); *Pisciotta v. Dobrynina*, No. 08 Civ. 5221 (RRM) (MDG), 2009 WL 159605, at *3 n.3 (E.D.N.Y. Jan. 22, 2009); *MTI Residential Servs. v. Alston*, No. 07 Civ. 2002 (SJF) (ARL), 2007 WL 1695161, at *2 (E.D.N.Y. May 31, 2007). For this reason, too, remand is warranted.[4]

Defendants alternatively argue that the Court has original jurisdiction because this case involves a federal question. Specifically, defendants argue, the federal securities laws are implicated because the loan to defendants was later "amongst a large group of loans that were

---

[4] Although these considerations carry the day, the Court notes that invoking diversity jurisdiction would have been problematic here for another reason. Under 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See Martin v. Snyder*, 148 U.S. 663, 663–64 (1893) ("[I]t is the defendant or defendants who are nonresidents of the state in which the action is pending who may remove the same into the circuit court of the United States for the proper district."). Here, both defendants are citizens of New York. They therefore could not remove this case, brought in New York state court, to federal court. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 50 n.2 (2d Cir. 2000); *Four Keys Leasing & Maintenance Corp. v. Simithis*, 849 F.2d 770, 773 (2d Cir. 1988). The Court's decision to remand, however, is based on the considerations addressed in the text.

5

securitized by Ginnie Mae." Defs. Br. 2. Therefore, defendants argue, Wells Fargo could not have been assigned their loan. *Id.*

For several reasons, however, this argument fails. First, the evidence that defendants present, which consists of news articles and screen shots from Bloomberg databases, does not establish that defendants' mortgage was, in fact, assigned to an entity other than Wells Fargo. Second, to the extent any such claim that Wells Fargo lacks standing was germane to the dispute between defendants and Wells Fargo, it should have been raised earlier, when Wells Fargo sought, and obtained, a foreclosure judgment as to the subject property. And the judge in those proceedings noted, and held, that there was a valid assignment of the note from Lend America, the original mortgagee, to Wells Fargo. Third, even if these defects were not present, they would not supply a basis for federal jurisdiction, but instead would potentially serve as a defense on the merits in state court. Finally, the same considerations, addressed above, that have consistently led federal district judges to disclaim jurisdiction over summary eviction proceedings would still counsel remand.

## CONCLUSION

For the foregoing reasons, Wells Fargo's motion to remand this case to New York Civil Court is granted. The Clerk of Court is respectfully directed to remand this action to the Civil Court of the City of New York, Bronx County: Housing Part, to terminate the motion pending at docket number 2, and to close this case.

6

SO ORDERED.

                                                  *Paul A. Engelmayer*
                                                  Paul A. Engelmayer
                                                  United States District Judge

Dated: September 11, 2015
       New York, New York